UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOEL VELEZ | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 4:12-CV-00680 |
| v. | ) |
| | ) |
| **CENTRAL PORTFOLIO CONTROL, INC.** | ) |
| | ) |
| Defendant. | ) **JURY TRIAL DEMANDED** |

**AMENDED COMPLAINT**

COMES NOW, Plaintiff, Joel Velez, and for his Amended Complaint states as follows:

**INTRODUCTION**

1. This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 USC 1692 *et. Seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. This is an action for statutory damages brought by an individual consumer for violations of the Telephone Consumer Protection Act of 1991("TCPA"), 47 USC 227 *et. seq.*

3. Defendant's conduct in collecting an alleged debt from Plaintiff was reprehensible. Defendant called Plaintiff prior to 8:00am, Defendant refused to disclose that it was a bill collector, Defendant told Plaintiff and his family that it was a "pre-filing negotiator," and not a bill collector, as Defendant illicitly threatened legal against Plaintiff. Defendant lied to Plaintiff about validating the debt. Defendant berated and insulted Plaintiff.

4. Plaintiff demands a trial by jury on all issues so triable.

**JURISDICTION**

5. This Court has jurisdiction of the FDCPA claim under 15 USC 1692k (d).

6. This Court has jurisdiction of the TCPA claim under 47 USC 227 (3)(b).

**1**

## PARTIES

7. Plaintiff is a natural person currently residing in St. Charles County, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA and TCPA. The alleged debts Plaintiff owes arises out of consumer, family, and household transactions.

8. Specifically, Defendant's collection activity that is the subject of this Complaint arose from Plaintiff's use of a consumer credit card. The alleged debt is supposedly approximately $700, although Plaintiff recalls his balance on that card being hundreds of dollars lower than that.

9. Upon information and belief, Defendant is a Minnesota corporation with its principal place of business in Eden Prairie, MN. The principal business purpose of Defendant is the collection of debts, and Defendant regularly attempts to collect debts alleged to be due another.

10. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA. *15 USC 1692a (6)*.

## FACTS

11. Defendant's collection activity began in approximately March of 2012 with respect to the debt.

12. Defendant's collection activity consisted of numerous telephone calls to Plaintiff's cellular telephone ending in "3281."

13. Defendant's initial collection communication with Plaintiff occurred on March 10, 2012 at 7:14am, and consisted of at least one and possibly two calls placed in back-to-back fashion to Plaintiff's cellular phone.

14. Defendant designed its call to be placed prior to 8:00am for the purpose of harassing and intimidating Plaintiff.

15. Defendant left a cryptic voice message for Plaintiff after the phone call of March 10, 2012 at 7:14am wherein Defendant failed to disclose that Defendant was a debt collector, and wherein Defendant failed to disclose to Plaintiff that the purpose of the call was a debt collection attempt.

16. Defendant disguised its identity on Plaintiff's caller identification service such that the "blocked" call did not reveal Defendant's name.

17. Defendant called Plaintiff again on or about March 14, 2012.  This time, Plaintiff returned the call.  Plaintiff's spouse, whose fluency in English is better than Plaintiff's, spoke with the collector and translated for Plaintiff.

18. During this call, Defendant looked up Plaintiff's debt on its computer system.  After Defendant found the account, Defendant told Plaintiff, "I am pre-filing negotiator.  I am actually handling a pending file under [Plaintiff's] name."  Defendant made a payment demand without disclosing that it was merely a bill collector, not a "pre-filing negotiator."

19. During this call, Defendant told Plaintiff that "the people downstairs" marked his account "refusal to pay" and "sent it upstairs" so that something could be filed against Plaintiff.

20. Defendant told Plaintiff it was a "pre-filing negotiator" to make Plaintiff believe that Defendant was going to "file" a lawsuit in the near future.  In reality, Defendant had no authority or ability to file such a suit.

21. During this call, Plaintiff explained that he had never heard of Defendant and requested validation of the debt.  Defendant lied to Plaintiff and told him that Defendant already validated the debt.  Defendant lied to Plaintiff to dupe Plaintiff abandoning his validation and/or dispute rights pursuant to 15 U.S.C. § 1692g.

22. During this call, Plaintiff asked Defendant to stop calling the cellular number and Defendant retorted with "Why does it matter?  Everyone has cell phones."  To the best of

Plaintiff's knowledge, Defendant continued to call his cellular phone thereafter (Defendant calls from a "blocked" number).

23. During this call, after Plaintiff told Defendant that he wanted to request validation or verification of the debt, Defendant mocked Plaintiff and said, "Are you trying to quote law or something?  What are you trying to do?"

24. In response to Plaintiff's validation request, Defendant accused Plaintiff of refusing to pay.

25. Plaintiff attempted to provide an email address to Defendant so that Defendant could email information to Plaintiff, but Defendant hung up on Plaintiff.

26. Well into the call, after Plaintiff demanded that Defendant disclose its name, Defendant finally told Plaintiff that it was "Central Portfolio Control."  Even further into the call, Defendant told Plaintiff, "This is an attempt to collect a debt."  Defendant never explicitly told Plaintiff that it was merely a bill collector because Defendant wanted to dupe Plaintiff into believing that Defendant was an attorney or a law firm with the power to file suit against Plaintiff.

27. Thereafter, on or about March 15, 2012, Plaintiff did receive a dunning letter from Defendant.  Defendant never responded to Plaintiff's request for validation of the debt.

28. Defendant's phone calls for Plaintiff were placed from Defendant's automatic telephone dialing system, as defined by 47 USC 227(a)(1), from the phone number that is registered to the Defendant.  Specifically, Defendant's automatic telephone dialing system has the capacity to store, dial, and generate telephone numbers.

29. Those phone calls were made to Plaintiff's cellular phone and he was charged for those phone calls.

30. Plaintiff never entered into any agreement whereby he provided express consent for Defendant to place calls to his cellular phone with Defendant's automatic telephone dialing system.

**4**

31. Plaintiff never entered into any agreement whereby he consented to arbitrate disputes between himself and Defendant.

32. Defendant's collection attempts have caused Plaintiff to incur actual damages including but not limited to cellular phone charges, anxiety, sleeplessness, and worry.

## COUNT I: VIOLATION OF THE FDCPA

33. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

34. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, *15 USC 1692 et. seq.*, including, but not limited to, the following:

a. Overshadowing and ignoring Plaintiff's dispute and validation rights; 15 U.S.C. § 1692g;

b. Making illicit threats of litigation when Defendant did not intend or was unable to follow through on those threats. 15 U.S.C. § 1692d-f;

c. Failing to disclose, in multiple collection attempts, that Defendant was a debt collector. 15 U.S.C. § 1692d-e;

d. Using unfair, deceptive, and unconscionable means to collect a debt. 15 U.S.C. 1692d-f;

e. Causing telephone charges to be made to Plaintiff by concealing its identity. 15 U.S.C. 1692d.

f. Calling Plaintiff before 8:00am. 15 U.S.C. § 1692c.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

A. Judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Release of the alleged debt;

D. Statutory damages, costs and reasonable attorney's fees pursuant to 15 USC 1692(k); and

E. For such other relief as the Court may deem just and proper.

## COUNT II: VIOLATION OF THE TCPA

35. Plaintiff re-alleges and incorporates by reference all prior paragraphs.

36. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the TCPA, *47 USC 227 et. seq.*, including, but not limited to, the following:

a. By placing non-emergency phone calls to Plaintiff's cellular phone without express authorized consent of the Plaintiff.  47 USC 227(b) (1) (A) (iii).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

A. Judgment that Defendant's conduct violated the TCPA;

B. Actual damages;

C. Statutory damages pursuant to 47 USC (b)(3); and

D. For such other relief as the Court may deem just and proper.

**EASON & VOYTAS, LLC**

s/ Richard A. Voytas, Jr.
_____

**JAMES W. EASON, #57112MO**
**RICHARD A. VOYTAS, JR. #52046MO**
**EASON & VOYTAS, LLC**
**1 North Taylor Ave.**
**St. Louis, Missouri 63108**
**Phone: (314) 932-1066**
**Fax:    (314) 667-3161**

**CERTIFICATE OF SERVICE**

      The undersigned verifies that a copy of the foregoing document was served via electronic mail on the following counsel of record on May 10, 2012:

Patrick T. McLaughlin, Esq.
Joshua C. Dickinson, Esq.
SPENCER FANE BRITT & BROWNE LLP
1 North Brentwood Blvd. Suite 1000
St. Louis, MO 63105
jdickinson@spencerfane.com
pmclaughlin@spencerfane.com
(314) 863-7733

                                          /s/ Richard A. Voytas, Jr.